

U.S. Department of Justice

United States Attorney
District of Massachusetts



COPY

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

September 20, 2005

**VIA BY FEDERAL DEFENDER BOX**

**Catherine K. Byrne**
Federal Defender's Office
District of Massachusetts
408 Atlantic Ave.
Third Floor
Boston, MA 02110
617-223-8061
Fax: 617-223-8080

Re:   United States v. Kenji Henderson - 05-CR-10219 (NG)

Dear Ms. Byrne:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery, Bates numbers 1 through 46, much of which you have already received in connection with the detention hearing in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

     a.   Written Statements

     There are no relevant written statements of the defendant's in the possession, custody or control of the government, which are known to the attorney for the government at this time.

    b.   Recorded Statements

A copy of the following consensual recordings, audio, video, and audio/visual involving the defendant, E1, E2, E3, E4, E5, E6, E7, E8, E9 are enclosed.

    c.   Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

    d.   Oral Statements to Then Known Government Agents

The following reports reference oral statements to then known government agents:

Enclosed in Bates numbered documents.

2.   Defendant's Prior Record under Rule 16 (a)(1)(B)

Enclosed in Bates numbered documents.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendants' defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, including Items 1 through 9 may be inspected by contacting ATF Special Agent White at 617-557-1284.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

Enclosed in the Bates numbered documents are copies of the reports from the Department of State Police, Firearms Identification Section for FID 34238 and 34750, as well as ATF Forensic Science Laboratory Report, dated May 27, 2005, 762025050023.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

None.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

Interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, involving the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief are set forth in section A(1)(b) above and in the Bates documents.

E.   Unindicted Co-conspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy charged.

F.   Identifications under Local Rule 116.1(C)(1)(f)

The CW was shown the enclosed picture of Henderson at Bates number 37 and identified Henderson as the person who conducted the transactions charged in the indictment. At this time, the attorney for the government has no information indicating that the defendant was the subject of any other investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.   Agency Reports and Investigatory Materials

Although it is the government's position that the production

3

of the following may not all be required at this time under either Federal Rule of Criminal Procedure 16 or Local Rule 116, the government hereby provides copies of additional agency reports and investigatory materials in the Bates numbered documents enclosed, including redacted ATF Reports of Investigation ROI, numbered 1 through 11.

H.  Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The attorney for the government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

However, the CW has admitted to alcohol and marijuana use in the past, but currently does not drink alcohol or use any illegal drugs. The CW has admitted to lying while testifying at a trial in a criminal case against the CW by minimizing the CW's involvement in the crime. The CW also has failed to declare income to the state and federal tax authorities over a significant period of time. The CW has a criminal record and has been cooperating with law enforcement in return for payment for reliable information as discussed below.

2.  The attorney for the government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  Promises, rewards, or inducements have been given to witnesses whom the government anticipates calling in its case-in-chief as follows:

Pursuant to Local Rule 116.6(A), the government declines and objects to identifying the CW at this time in order to protect the safety of this witness, as it would be detrimental to the interests of justice to currently make these identity disclosures. However, redacted copies of the following documents concerning promises, rewards, or inducements are enclosed: CW

4

agreement (Bates #45); the CW was also paid, as set forth in Bates #46.

4.  The government is aware that the CW has a criminal record, a redacted copy is enclosed as Bates numbers 38-44. Pursuant to Local Rule 116.6(A), the government declines and objects to identifying the CW at this time in order to protect the safety of this witness, as it would be detrimental to the interests of justice to currently make these identity disclosures. The government is prepared to identify the CW at a reasonable time before trial.

5.  The attorney for the government is unaware of any pending criminal actions concerning any witness the government intends to call in its case-in-chief.

6.  The attorney for the government is unaware of any percipient witness who failed to make a positive identification of defendant with respect to the crimes at issue.

H.  Other Matters

The attorney for the government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.

Please call the undersigned Assistant U.S. Attorney at 617-748-3183 if you have any questions.

Very truly yours,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:     /s/ Cynthia W. Lie
                                  CYNTHIA W. LIE
                                  Assistant U.S. Attorney

Enclosures

cc:  Noreen Russo
     Clerk to the Honorable Magistrate Robert B. Collings
     (w/o enclosures)